## Case No. 2,033.

### BROWN v. WHITTEMORE.

[5 Fish. Pat. Cas. 524;[1] 2 O. G. 248.]

Circuit Court, D. Massachusetts. May Term, 1872.

PATENTS—HAY RAKES—PUBLIC USE—PRESUMPTION—VALIDITY.

1. As to public use of an invention for more than two years prior to the application for a patent, the presumption is in favor of the patent, especially when the record shows that the patent has been granted to the real inventor and the principal inventor in the class of machines to which the invention relates.

[Distinguished in Edgarton v. Furst & Bradley Manuf'g Co., 9 Fed. 452.]

2. Letters patent for an "improvement in hay-rakes," as reissued to George Whitcomb, June 16, 1868, are valid.

[Cited historically in Edgarton v. Breck, Case No. 4,279. Distinguished in Edgarton v. Furst & Bradley Manuf'g Co., 9 Fed. 452.]

3. Whitcomb's main invention construed to be for the relative arrangement of the rake-head, axle, and wheels, irrespective of the position of the hinges, whether on the upper or the lower edge of the rake-head.

4. The previous state of the art does not restrain him to a rake-head hinged to the shafts in the precise way shown in the patent.

5. A patentee can not claim an alternative combination if the separate combinations would not make an operative machine.

In equity. Final hearing on pleadings and proofs. Suit brought [by Alzirus Brown, a territorial assignee, against Jonathan R. Whittemore, John R. Whittemore, Benjamin Belcher, and John W. Belcher, for an alleged infringement of][2] letters patent [No. 21,712] for an "improvement in hay-rakes," granted to George Whitcomb, October 5, 1858, and reissued in two divisions, June 16, 1868, and assigned to complainant. The nature of the invention is set forth in the opinion of the court, but it will be more readily understood by reference to the accompanying engraving, in which the dotted

lines show the position of the hand and foot levers when the rake teeth are raised. It is obvious that by pressing the foot upon treadle K, the rake teeth will be depressed; while by pressing upon treadle J, they will be raised. [Decree for complainant.]

Thomas H. Dodge, for complainant.
Chauncey Smith, for defendants.

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]
[2] [From 2 O. G. 248.]

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

LOWELL, District Judge. The complainant's patent was applied for June 1, 1858, and issued in October of that year, and reissued June 16, 1868. The record does not contain a copy of the original patent, and there is no evidence of what changes, if any, are found in the reissue. In the absence of such evidence we must, of course, assume that the action of the patent office was well warranted by the facts, and that the reissued patent is open to only such objections as might have been raised to the original patent; and so the case has been argued.

The specification of the reissued patent, taken with the drawing and the model, shows an improved horse-rake for making hay and grain, in which the wire teeth are coiled around a rake-head which is hinged to the rear ends of the shafts just above and parallel with the axle. This rake-head is connected with two levers and treadles, which enables the operator to raise the rake with his right foot and hold it down with his left foot, besides a handle attached to one of these levers to work the same effect by hand.

There are five claims, of which the second is: "The combination and relative arrangement of the hinged rake-head with the supporting-axle and carrying-wheels, substantially as shown and described, whereby the head is supported above the rear upper edge of the axle, as shown, and the lower ends of the teeth, when gathering the hay, occupy positions in the rear of the head of the wheels and forward of a vertical plane on a line with the rear edge of the wheels, substantially as shown in the accompanying drawing;" and the fourth is: "The arrangement of the rake-head E and foot treadles H J and G K, or either, in relation to each other and the axle B, substantially as and for the purposes set forth."

The defendants make and sell a horse-rake which seems to come within the second and fourth claims, unless they are to be construed very narrowly; and their position is that, in view of earlier inventions, the complainant must either submit to such a limited construction or his claims are void. The inventions which the defendants rely on appear to have been made by the patentee himself; but they contend that he had publicly and commonly sold the rakes containing the patented improvements before the first day of June, 1856—that is, more than two years before the application on which his patent was granted. There is no doubt that Mr. Whitcomb, the patentee, was engaged in making and selling rakes for many years before he obtained his patent, and that he was continually improving them; the difficult point is to fix the exact date of the several improvements. The presumption is in favor of the patent, especially as it has

been granted, so far as the record shows, to the real inventor and the principal inventor in this class of instruments; and upon a very careful examination of the evidence we are of opinion that the combinations of the second and fourth claims were not only invented by Whitcomb, but that they had not been publicly used or sold with his consent before the time in question. The earlier rakes do not appear to have had the relative arrangement of rake-head, axle, and wheels so carefully described in the second claim, but to have differed in a point of material importance by having the rake-head hung decidedly behind the axle, which, with the position of the teeth behind the rear line of the wheels (which naturally went with such a construction), made a rake decidedly inferior in operation to that described in the patent. And, though the evidence is not all on one side, yet the preponderance of it is that the combination of the treadle for raising the rake-head, with the other devices, was not fully discovered and used before June, 1856. That it made a new and useful combination we have no doubt; because, though a competent mechanic would easily adapt a treadle to a hay-rake, yet the idea of the combination was of itself a meritorious invention and a new one.

The defendants having failed to show that the patentee or any one else had made the combination so early as to defeat these claims, if construed according to their plain and obvious meaning, there is no occasion to restrain them to mean only a rake-head hinged to the shafts in the precise way shown in the patent. The difference between the plaintiff's and the defendants' rake in this respect is that the hinges in the former are attached to the outward lower corner of the rake-head, and in the latter to the upper inner corner; so that in the patented machine the center of gravity of the rake-head is further forward, and the weight of the head is more fully borne by the hinges, and therefore it is raised very easily when the foot or hand is applied to the lever.

It is insisted by the defendants that this is the really distinguishing feature of the whole combination, and the only one in which this machine differs from its predecessors; but we do not find this to be so in fact, as we have already said. The evidence is that the relative position of the rake-head, axle, and wheels mentioned in the second claim is attained and is useful, whether the hinges are on the upper or lower edge of the rake-head, and that this arrangement, so understood, is new. This being so, it follows that the defendants' rake infringes the second claim of the patent.

We agree with the defendants' argument that the patentee might not be able to claim an alternative combination, as he does in his fourth claim, if the separate combinations would not make an operative machine; but it seems that the combination of either of the foot-treadles with the rake-head and the axle does make such a machine. The only important question in this particular case is whether the treadle G K, for holding the teeth down with the left foot, is essential for a working machine; and it is clear that the patentee in two passages of his specification describes that treadle as being needed only on certain occasions, when the grass is very heavy, etc.; and there is nothing to control this statement, which is well supported by an examination of the model. The defendants' rake has this combination. The foot-lever, indeed, is firmly united with and makes a part of the hand-lever; but the distinction between this arrangement and a treadle is a mechanical change of no importance after a treadle has been once combined with a rake-head.

Our opinion, therefore, is that the second and fourth claims of the reissued patent are valid and are infringed by the defendants. We have not thought it necessary to construe the first, third, and fifth claims. There must be a decree for the complainant.

[NOTE. Patent No. 21,712 was granted to G. Whitcomb, October 5, 1858; reissued June 16, 1868 (No. 2,994). For other cases involving this patent, see Edgarton v. Breck, Case No. 4,279; Edgarton v. Furst & Bradley Manuf'g Co., 9 Fed. 451.]